IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARQUITTA SIMS, AS ADMINISTRATRIX
OF THE ESTATE OF MAXWELL BOLTON; and
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF MAXWELL BOLTON                             PLAINTIFFS


v.                                              Cause No. 3:20-cv-288-CWR-FKB


THE NATIONAL RAILROAD PASSENGER
CORPORATION D/B/A AMTRAK; ILLINOIS
CENTRAL RAILROAD COMPANY; CONDUCTOR
DOE, ABC CORPORATIONS 1-5; and JOHN DOES 1-5           DEFENDANTS

---

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

---

Plaintiff, Marquitta Sims, as Administratrix of the Estate of Maxwell Bolton and on behalf of the wrongful death beneficiaries of Maxwell Bolton, files this Complaint against the above named Defendants, The National Railroad Passenger Corporation d/b/a Amtrak; Illinois Central Railroad Company, ABC 1-5, and John Does 1-5, and requests judgment against the Defendants for the wrongful death of Maxwell Bolton, among other damages, and would state the following:

**Parties**

1.      The Plaintiff, Estate of Maxwell Bolton, is an estate administered by Marquitta Sims in Forrest County, Mississippi (hereinafter referred to as "Plaintiff", "Marquitta" or "Maxwell"). Marquitta, on behalf of the wrongful death beneficiaries on whose behalf the suit is filed, is legally entitled under the Mississippi Wrongful Death Statute, Miss. Code Ann. 11-7-13, to

1

recover in this action all damages for all wrongful death beneficiaries of Maxwell, whose death was legally and proximately caused by the acts and/or omissions of Defendants.

2.      Defendant, The National Railroad Passenger Corporation D/B/A Amtrak (hereinafter referred to as "Amtrak" or collectively "Defendants") is a foreign railroad corporation organized and existing pursuant to federal statute with its principle place of business and corporate headquarters located at 60 Massachusetts Avenue NE, Washington, DC 20002-4285 and that it does business in the State of Mississippi as a common carrier in interstate commerce.

3.      Defendant, Illinois Central Railroad Company (hereinafter referred to as "Illinois Central" or collectively as "Defendants") is a corporation organized and existing under the laws of the State of Illinois, licensed and doing business in Mississippi, and may be served with process upon its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

4.      Defendant Conductor Doe ("hereinafter referred to as "Conductor Doe" or collectively "Defendants"), is an adult resident citizen employed by Amtrak, and may be served with process as Mississippi and Federal Rules of Civil Procedure provide.

5.      Defendants ABC Corporations 1-5 at all times relevant hereto are unidentified companies whose true identity and place of business are presently unknown, and which were involved in matters which are the subject of this litigation.  Plaintiff will amend this Complaint at such time as the identities of those ABC Corporation defendants become known throughout the course of continuing investigation and discovery.

6.      Defendants John Does 1-5 at all times relevant hereto are unidentified unincorporated companies or individuals whose true identity and address are presently unknown, and where were involved in matters which are the subject of this litigation.  Plaintiff will amend this

Complaint at such time as the identities of these John Doe defendants become known throughout the course of continuing investigation and discovery.

## Jurisdiction & Venue

7. Jurisdiction is based on Federal Question, 28 U.S.C. § 1331, and 28 U.S.C. § 1349 in that Amtrak was created by Act of Congress and the United States is the owner of more than one-half of its capital stock.

8. This Court has *in personam* jurisdiction over the Defendants by virtue of the fact that they were doing business within the Northern Division of the Southern District of Mississippi Defendant conducts business in the Northern Division of Mississippi.

## Facts & Causes of Action

9. On or about December 5, 2018, at approximately 10:00 a.m., Maxwell Bolton was attempting to cross a short stretch of railroad at or near 2010 West Pine Street, Hattiesburg. The railroad crossing was owned, operated, and under the control of Defendant Illinois Central. As Maxwell Bolton was in the act of crossing the railroad, he was suddenly and without warning struck and killed by a passenger train that was owned, operated, and under the control of Defendant Amtrak and operated by an employee of Amtrak, Conductor Doe, resulting in damages to Plaintiff as set forth hereinafter.

10. At the time and place of the subject collision, Defendant Illinois Central had the duty and responsibility to properly and safely maintain its railroad crossing. However, the crossing was hazardous in that the warning lights and bells were not properly working. Defendant Illinois Central knew or should have known of this extremely hazardous condition, but had ignored and failed to remedy the situation.

11.     Defendant Amtrak owed a duty to repeatedly sound its horn beginning at least 900 feet in advance of the crossing as required by Miss. Code Ann. § 77-9-225.

12.     Defendant Amtrak also owed the duty to sound an adequate audible warning of the train's approach as required by Mississippi common law. Amtrak breached said duties by failing to sound a warning horn as required. If Amtrak had sounded a warning horn as required by law, Maxwell would not have been struck and killed. Such negligence on the part of Amtrak proximately caused the collision which resulted in the death of Maxwell and damages to Plaintiff.

13.     Plaintiff would show unto the Court that at the time and place of the subject collision that the Defendants were negligent, which negligence proximately caused Maxwell to be struck and killed, resulting in injuries and damages to Plaintiffs.

14.     The collision and resulting damages to Plaintiffs were directly and proximately caused or contributed to by the negligence of Defendants Amtrak and Defendant Conductor Doe while acting in the course and scope of his/her employment with Defendant, Amtrak, in the following respects, to-wit:

   a.   Failing to use reasonable care;

   b.   Failing to maintain a proper lookout;

   c.   Failing to maintain the subject train under proper control;

   d.   Failing to sound their horn as required by law;

   e.   Operating the passenger train at a speed too fast for conditions;

   f.   Failing to operate the train in a careful and prudent manner;

   g.   Failing to keep a proper lookout for vehicular traffic and pedestrians crossing in the path of the train;

    h.    Failing to give adequate warnings of the train's approach;

    i.    Failing to brake in time to avoid the accident.

    j.    Operating the subject engine in a manner, prior to the accident, so that a person crossing the crossing would be struck; and

    k.    By other acts of negligence as will be shown at the trial of this cause.

15.    Amtrak is vicariously liable for the actions of Conductor Doe because Conductor Doe was Amtrak's agent and was acting in the scope of his employment at the time of the accident.

16.    Amtrak is also liable for negligent hiring, training, supervision and retention, due to its failure to provide provide adequate hiring, training, supervision and retention to its employees, which led to the tragic death of Maxwell Bolton.

17.    The collision and resulting damages to Plaintiffs were directly and proximately caused or contributed to by the negligence of the Defendant Illinois Central, in the following respects, to-wit:

    a.    Failing to exercise reasonable care in insuring that the crossing and track was reasonably safe;

    b.    Allowing this crossing and short span of track to become hazardous, dangerous and improperly maintained;

    c.    Allowing this crossing and short span of track to become extra hazardous, dangerous and virtually impossible for a safe crossing as a result of its condition;

    d.    Failing to properly maintain the right of way owned, leased and/or controlled by Illinois Central;

    e.    Failing to properly maintain this crossing and short span of track and provide adequate warning;

    f.      Failing to maintain the flashing lights at this crossing;

    g.      Failing to give a proper warning signal;

    h.      Failing to properly supervise its employees;

    i.      Failing to properly supervise its sub-contractors and/or agents; and

    j.      By other acts of negligence as will be shown at the trial of this cause.

18. Plaintiff would state unto the Court that the negligent actions of this Defendant proximately caused or contributed to the injuries and damages of Plaintiffs.

## Damages

19. Plaintiff incorporates and re-alleges all previous paragraphs set out herein.

20. Defendants' actions and inactions demonstrate a conscious disregard for the rights and safety of Maxwell and the rest of the public. Therefore, Plaintiffs demand punitive damages against Defendants.

21. As a result of the aforementioned acts and/or omissions, Defendants are liable for all elements of damages, past, present, and future, arising from the wrongful death of Maxwell, including:

    a.      Damages for the physical pain and suffering of Maxwell between the time of his injury and death;

    b.      Damages for mental anguish and horror suffered by Maxwell;

    c.      Damages for the substantial loss of financial support and maintenance including past, present, and future lost income, which Maxwell provided and would have continued to provide;

    d.      Damages for the loss of protections the wrongful death beneficiaries sustained and the economic losses suffered by his heirs and wrongful

death beneficiaries;

e. Damages for the loss of love, companionship, society, advice and care of Maxwell, and wrongful death beneficiaries suffered and will suffer in the future;

f. Damages for the funeral and past medical expenses resulting from the death of Maxwell;

g. Damages for the loss and destruction of property, including but not limited to Maxwell's property on his person at the time he was struck;

h. Damages for net value for the life of Maxwell;

i. Damages for all other losses, both economic and intrinsic, tangible and intangible arising from the death of; and

j. Punitive damages pursuant to the Mississippi Punitive Damage Statute, Miss. Code Ann. 11-1-65.

**WHEREFORE, PREMISES CONSIDERED**, Marquitta Sims, as Administratrix and on behalf of the wrongful death beneficiaries, demands judgment against the Defendants, jointly and severally, for an amount of actual, compensatory, specials and punitive damages to be determined by a jury of her peers. Marquitta also seeks all attorney fees and costs, pre-judgment interest, post-judgment interest and all other relief according to law.

Respectfully submitted this the 24th day of April, 2020.

**MARQUITTA SIMS, ON BEHALF OF AND AS ADMINISTRATRIX OF THE ESTATE OF MAXWELL BOLTON**

*/s/ Cory N. Ferraez*
CORY N. FERRAEZ, MSB #104770

Prepared by:

MARY LEE HOLMES, MSB #105398
MARCUS A. McLELLAND, MSB #103598
CORY N. FERRAEZ, MSB #104770
HOLMES, McLELLAND & FERRAEZ, PLLC
601 East Central Avenue
Petal, MS 39465
Phone: (601) 909-9256
Fax: (601) 510-9677
marylee@hmflawfirm.com
marcus@hmflawfirm.com
cory@hmflawfirm.com